IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-2080-K-BN |
| ROBERT H. CHAPPELL and CHERYLAN CHAPPELL, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Invoking the Court's diversity subject-matter jurisdiction under 28 U.S.C. § 1332, Plaintiff United States Fire Insurance Company ("USFIC") filed this lawsuit for breach of an indemnity agreement and common law indemnity against Defendants Robert H. Chappell and Cherylan Chappell, alleging that it is a Delaware corporation with its principal place of business in New Jersey and that the Chappells are, "[u]pon information and belief," domiciled in Louisiana. Dkt. No. 1.

United States District Judge Ed Kinkeade referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 15.

The Court entered an initial scheduling order under Federal Rule of Civil Procedure 16(b) on October 3, 2025. *See* Dkt. No. 22.

And USFIC moved for summary judgment on March 11, 2026, *see* Dkt. Nos. 23-25, prior to the deadline set by the Rule 16(b) scheduling order, *see* Dkt. No. 22, ¶ 7. The Chappells did not respond to the motion. And, on April 27, 2026, USFIC moved

the Court to compel that the Chappells do so and that the parties mediate this matter. *See* Dkt. No. 26.

For the reasons set out below, the Court denies USFIC's motion to compel [Dkt. No. 26] and will take no action on the motion for summary judgment.

A federal court always begins with its subject matter jurisdiction – its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Courts are particularly careful to police this limited grant of power where cases are brought to federal court through diversity jurisdiction. *Cf. Market Street Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991) ("We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care and to be particularly alert for jurisdictional problems in diversity cases in which one or more of the parties is neither an individual nor a corporation.").

And, so, the Court set out in the October 3 Rule 16(b) scheduling order that

[t]he United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under 28 U.S.C. § 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;
- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,
- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).

The Fifth Circuit has also long held that district courts can and should do their own fact-finding and final determinations on their subject-matter jurisdiction over a case at any stage, including before summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("Judges have the power to resolve certain threshold issues without the participation of a jury before the adjudication of a case on its merits. For example, when subject matter jurisdiction over a case turns on disputed facts, judges have the power to resolve these disputes in assuring themselves of their courts' jurisdiction."); *Edwards v. Associated Press*, 512 F.2d 258, 262 n.8 (5th Cir. 1975) ("Consideration of affidavits and, where necessary, the taking of testimony are appropriate means for resolving jurisdictional disputes.").

And, when district courts determine "the existence of subject matter jurisdiction in fact," the courts do not proceed under the strictures, burdens, or standards that apply to motions under Federal Rules of Procedure 12(b)(6) and 56, such as attaching "presumptive truthfulness … to [a] plaintiff's [or removing defendant's] allegations." *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cleaned up). A district court is instead "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case"; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"; and the party invoking the federal court's jurisdiction "will have the burden of proof that jurisdiction does in fact exist." *Id.* (cleaned up).

To comply with this governing law, in a diversity case under 28 U.S.C. § 1332, the party invoking the federal court's jurisdiction must include, in any summary judgment motion or response that the party files, evidence that is at least sufficient to support a jury finding of the citizenship of each party but – better yet (to the extent there is a difference in degree here) – evidence that is sufficient for the court to

evaluate and determine on its own the citizenship of each party. The party invoking the federal court's jurisdiction must also include, in any summary judgment motion or response that the party files, a section of its supporting brief that addresses the necessary jurisdictional facts regarding each party's citizenship under Section 1332(a) and the supporting evidence submitted to support the Court's determinations.

Dkt. No. 22 at 10-12.

"Citizenship issues, like every factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *MidCap*, 929 F.3d at 315 n.* (cleaned up).

And, so, as the party invoking the Court's diversity jurisdiction, USFIC's failure to provide evidence as to the parties' citizenships in support of its motion for summary judgment, *see* Dkt. No. 25, means that the undersigned cannot recommend that the Court grant the motion for summary judgment, and, if this deficiency is not resolved, it could require dismissal of this lawsuit, *cf. Riddley v. CooperSurgical, Inc.*, 808 F. Supp. 3d 725, 732 (N.D. Tex. 2025) ("At the summary judgment stage particularly, the requirement is for evidence, and there is no record evidence in this case on which a reasonable jury could base a finding as to CooperSurgical's citizenship…. As a result, the Court is unable to make a summary judgment finding that it possesses subject matter jurisdiction. Without such a finding, the Court lacks the power to consider the case at this stage of litigation.").

The Court will therefore take no action on the motion for summary judgment until it is supplemented with evidence that is sufficient to support the citizenship

- 4 -

findings that the Court must make at this stage of the litigation that are "necessary to support subject matter jurisdiction." *MidCap*, 929 F.3d at 315 n.\* (cleaned up); *cf. Hagar v. Fed. Bureau of Investigation*, 170 F.4th 946, 953 (5th Cir. 2026) (finding an order that address but leaves unresolved a dispositive motion "to be a proper exercise of the magistrate judge's pretrial docket-management authority").

For the same reasons, the Court DENIES USFIC's motion to compel [Dkt. No. 26].

SO ORDERED.

DATED: May 26, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE